# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

ORNIELA PITT and AISHA DYER-
PITT,

               Plaintiffs,

v.                                       Case No:  6:22-cv-139-PGB-LHP

HILTON GRAND VACATIONS INC.
and EXPERIAN INFORMATION
SOLUTIONS, INC.,

               Defendants

_____

### ORDER

This cause came on for consideration without oral argument on the following motions filed herein:

| | |
|---|---|
| **MOTION:** | **DEFENDANT HILTON GRAND VACATIONS, INC.'S SECOND MOTION TO COMPEL DISCOVERY AGAINST PLAINTIFFS (Doc. No. 31)** |
| **FILED:** | **November 9, 2022** |

**THEREON** it is **ORDERED** that the motion is **GRANTED**.

| | |
|---|---|
| **MOTION:** | **RESPONSE IN OPPOSITION TO MOTION TO COMPEL AND MOTION FOR *LIMITED* RECONSIDERATION (Doc. No. 34)** |

**FILED:**        **November 14, 2022**

**THEREON** it is **ORDERED** that the motion is **DENIED**.

As relevant to resolution of the above-styled motions, on October 6, 2022, Defendant Hilton Grand Vacations, Inc. ("Hilton") filed a motion to compel both Plaintiffs to respond to Requests for Production and Interrogatories served on July 1, 2022.   Doc. No. 27.   Plaintiffs failed to timely respond to the motion, and on October 13, 2022, the Court granted the motion as unopposed.   Doc. No. 28.   *See also* Doc. No. 23 (providing response deadlines related to discovery).   The Court ordered Plaintiffs, on or before October 27, 2022, to produce responsive documents to the Requests for Production and to serve on Hilton complete, sworn answers to the Interrogatories.   Doc. No. 28, at 3.   The Court further ordered all of Plaintiffs' objections waived by the failure to timely respond to the motion to compel, and that Hilton was entitled to its fees and costs incurred in filing the motion.   *Id.* at 3–4. On October 27, 2022, the parties filed a joint notice that Plaintiffs agreed to pay Hilton $697.50 in fees for the filing of the motion to compel.   Doc. No. 29.   The same day, Plaintiffs filed a "Certificate of Compliance," stating that the court-ordered production had occurred.   Doc. No. 30.

On November 9, 2022, Hilton filed a second motion to compel, seeking the following relief:   (1) an Order compelling Plaintiffs to comply with the Court's

October 13, 2022 Order; (2) an Order compelling Plaintiffs to fully respond to certain Requests for Admission; and (3) an award of fees for filing the motion.   Doc. No. 31.   According to the second motion, after the October 13, 2022 Order, Plaintiffs only produced 76 pages of on-line real estate listings, otherwise limited their production of responsive materials based on privilege/confidentiality objections, and refused to produce documents responsive to Requests for Production 4 and 37–39 regarding Plaintiffs' settlement with Defendant Experian Information Solutions, Inc. ("Experian").   *Id.* at 2.   *See also* Doc. Nos. 31-5, 31-6.   Moreover, Plaintiffs have responded to Requests for Admission 4–7 by merely stating that they lack sufficient information or knowledge to admit or deny.   Doc. No. 31, at 2–3.   *See also* Doc. Nos. 31-9, 31-10.

Plaintiffs have filed a "Response in Opposition to Motion to Compel and Motion for *Limited* Reconsideration."   Doc. No. 34.   Given the imbedded request for reconsideration, the Court has construed this filing as a motion.   *See id.*   *See also* Doc. No. 39.   Plaintiffs contend that their counsel inadvertently calendared the deadline to respond to the initial motion to compel and thus reconsideration is necessary to prevent a manifest injustice, that responsive documents related to the settlement agreement with Experian are not relevant, and that disclosure of the terms of the settlement with Experian would cause Plaintiffs to violate the

confidentiality obligations thereunder.   Doc. No. 34.   Plaintiffs do not address Requests for Admission 4–7.   *See id.*

Experian has also filed a response to Hilton's second motion to compel.   Doc. No. 35.   Experian "opposes Hilton's request to compel Plaintiffs and Experian's confidential settlement agreement," although Experian purportedly "does not take a position on whether the settlement agreement is relevant and discoverable."   *Id.* at 1.   Experian alternatively asks the Court to delay production of the settlement agreement, should it compel production of same.   *Id.*   Notably, despite this response, Experian did not respond to the initial motion to compel.

On Hilton's motion, the Court permitted Hilton to respond to Plaintiffs' motion for reconsideration by 5:00 p.m. on November 21, 2022.   Doc. No. 39.   But Hilton failed to comply with that deadline, and instead filed its response at 9:14 p.m., without explanation for the delay.   Doc. No. 40.   Given that the response is untimely it is hereby **STRICKEN**, and the Court will not consider it.

Turning now to the two pending motions, the Court first addresses Plaintiffs' motion for reconsideration.   Doc. No. 34.   As an initial matter, Plaintiffs have arguably waived their right to seek reconsideration of the Court's October 13, 2022 Order, given that Plaintiffs have already partially complied with document production and already paid sanctions as required by that Order.   *See* Doc. Nos. 29–30.   And even if not waived, Plaintiffs fail to establish grounds for

reconsideration. "Motions for reconsideration are permitted when there is (1) an intervening change in controlling law; (2) newly discovered evidence; or (3) the need to correct clear error or manifest injustice." *Stallworth v. Omninet Village, L.P.*, No. 6:16-cv-546-Orl-31DAB, 2016 WL 10100424, at *2 (M.D. Fla. Aug. 23, 2016) (citing *Tristar Lodging, Inc. v. Arch Speciality Ins. Co.*, 434 F. Supp. 2d 1286, 1301 (M.D. Fla. 2006), *aff'd sub nom. by Tristar Lodging, Inc. v. Arch Specialty Ins. Co.*, 215 F. App'x 879 (11th Cir. 2007)). Plaintiffs do not argue that there is an intervening change in controlling law, or that newly discovered evidence justifies reconsideration of the Court's prior Order granting Hilton's initial motion to compel. Nor can Plaintiffs demonstrate clear error or manifest injustice by their assertion that counsel failed to respond to the motion to compel due to a calendaring error. *See id.* (finding that a "failure to timely provide discovery or timely respond to [a] motion to compel due to alleged calendar errors or mistakes does not amount to the type of manifest injustice that compels extraordinary relief"); *United Fire & Cas. Co. v. Progressive Express Ins. Co.*, No. 6:19-cv-1049-Orl-41EJK, 2020 WL 11421204, at *2 (M.D. Fla. July 30, 2020) (denying motion for reconsideration where counsel incorrectly miscalendared deadline to respond to discovery motion as 14 days rather than 5 days under Discovery Standing Order). Given that Plaintiffs have not established grounds for reconsideration, Plaintiffs' further arguments that the Experian settlement agreement is not relevant or that it is confidential have not been

considered, as those arguments should have been raised in response to Hilton's initial motion to compel.

That brings us to Hilton's second motion to compel.  Doc. No. 31.  All of Plaintiffs' arguments in opposition are directed to the Court Ordered production related to Hilton's initial motion to compel (*i.e.*, relevancy and confidentiality), and as previously ordered, Plaintiffs waived those objections to the Requests for Production.  *See* Doc. No. 28, at 3 (citing *Jackson v. Geometrica, Inc.*, No. 3:04-cv-640-J-20HTS, 2006 WL 213860, at *1 (M.D. Fla. Jan. 27, 2006) (objections not addressed in response to a motion to compel are deemed abandoned)).[1]  And Plaintiffs do not otherwise respond to Hilton's request to compel further responses to Requests for Admission 4–7.  *See* Doc. No. 34.

As to Experian's response, Experian has not established that it has standing to oppose a motion to compel filed against Plaintiffs, or to, in essence, seek reconsideration of the Court's October 13, 2022 Order compelling production of materials by Plaintiffs.  *See* Doc. No. 35.  Moreover, Experian purports to "not take a position on whether the settlement agreement is relevant and discoverable," and

---

[1] *See also Fed. Trade Comm'n v. RCA Credit Servs.*, LLC, No. 8:08-cv-2062-T-27AEP, 2010 WL 11537970, at *1 (M.D. Fla. Feb. 10, 2010) ("[A] claim of confidentiality may be deemed waived where the responding party fails to assert it in its initial responses to discovery.").

given the Court's October 13, 2022 Order, the arguments would not be persuasive in any event. *See id.*[2] Further, to the extent either Plaintiffs or Experian have concerns about the confidentiality of their settlement agreement, any such concerns can be assuaged if the parties enter into a confidentiality agreement. *See also* Doc. No. 22, at 5 (noting that the Court will enforce a written confidentiality agreement).

Given the lack of any meritorious argument in response to Hilton's second motion to compel (Doc. No. 31), the Court finds the requests therein well taken.

Based on the foregoing, it is **ORDERED** as follows:

1. Hilton's belated response (Doc. No. 40) is **STRICKEN**.

2. Plaintiffs' motion for reconsideration (Doc. No. 34) is **DENIED**.

3. Hilton's second motion to compel (Doc. No. 31) is **GRANTED**.

4. On or before **December 12, 2022,** Plaintiffs Orniela Pitt and Aisha Dyer-Pitt shall produce to Hilton all outstanding materials in their current possession, custody, or control responsive to Requests for Production 4 and

---

[2] Notably, after this statement, Experian goes on to dispute the relevancy of the settlement agreement, and asks the Court to postpone production of the settlement agreement until "closer to the date of trial" as production at this point is premature. *See* Doc. No. 35, at 2. To the extent the argument is proper, the Court finds it unpersuasive. *See, e.g., Younger v. Experian Info. Sols., Inc.*, No. 2:15-cv-00952-SGC, 2018 WL 11271518, at *2 (N.D. Ala. Mar. 30, 2018) (rejecting argument that production of settlement agreement during discovery was premature).

37–39.    *See* Doc. Nos. 31-3, 31-4.    As previously ordered, any and all objections to these Requests have been waived.    *See* Doc. No. 28, at 3.

5.    On or before **December 12, 2022,** Plaintiffs Orniela Pitt and Aisha Dyer-Pitt shall file supplemental responses to Requests for Admission 4–7, which must fully comply with Fed. R. Civ. P. 36(a)(4).    *See* Doc. Nos. 31-7, 31-8.    *See also* Fed. R. Civ. P. 36(a)(4) ("The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.").

6.    On or before **December 12, 2022**, counsel for Plaintiffs and counsel for Hilton shall meet and confer in good faith to determine an amount of reasonable fees and expenses that should be awarded to Hilton for the filing of the second motion to compel (Doc. No. 31).    The parties shall file a joint notice of the amount agreed upon by **5:00 p.m. on December 13, 2022.**    If the parties are unable to reach an agreement by that time, counsel for Hilton shall file a motion, supported by appropriate documentation, for reasonable fees and expenses incurred in filing the present motion.    That motion shall be filed by **December 20, 2022**.

7.    **Plaintiffs are advised that failure to comply with this Order may result in further sanctions.**    *See* **Fed. R. Civ. P. 37(b).**

- 8 -

**DONE** and **ORDERED** in Orlando, Florida on November 28, 2022.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties